# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NOEL CINTRON,

                Plaintiff,

-against-

TRUMP ORGANIZATION LLC a/k/a TRUMP CORPORATION and
TRUMP TOWER COMMERCIAL LLC,

                Defendant.

Index No. _____

**SUMMONS**

The basis for venue is residence in New York County

To the above-named defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
           July 9, 2018

**DAVIDOFF HUTCHER & CITRON LLP**

By:  /s/ *Larry Hutcher*
       Larry Hutcher
       Josh Krakowsky

605 Third Avenue, 34th Floor
New York, New York 10158
Tel:   (212) 557-7200
Fax:  (212) 286-1884
lkh@dhclegal.com
jsk@dhclegal.com
*Attorneys for Plaintiff*

620014v.2

TO:    Trump Tower Commercial LLC
c/o National Registered Agents, Inc.
111 Eighth Avenue
New York, New York 10011

- and -

Trump Organization LLC a/k/a Trump Corporation
c/o National Registered Agents, Inc.
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NOEL CINTRON,

                Plaintiff,

-against-

TRUMP ORGANIZATION LLC a/k/a TRUMP CORPORATION and
TRUMP TOWER COMMERCIAL LLC,

                Defendant.

Index No. _____

**COMPLAINT**

Plaintiff Noel Cintron (hereinafter, "Plaintiff" or "Cintron"), by and through his attorneys, Davidoff Hutcher & Citron LLP, by way of a complaint against defendants Trump Organization LLC a/k/a Trump Corporation and Trump Tower Commercial LLC ("Trump" or "Defendants") alleges and states as follows:

## NATURE OF THE ACTION

1. In an utterly callous display of unwarranted privilege and entitlement and without even a minimal sense of noblesse oblige President Donald Trump has, through the defendant entities, exploited and denied significant wages to his own longstanding personal driver.

2. Plaintiff served as President Trump's personal driver for more than 20 years until the Secret Service recently undertook that role. During this time he was forced to work thousands of hours of overtime without compensation.

3. President Trump's further callousness and cupidity is further demonstrated by the fact that while he is purportedly a billionaire, he has not given his personal driver a meaningful raise in over 12 years!

4. This action seeks to recover overtime compensation, statutory penalties, compensatory and punitive damages, and counsel fees for the harm Plaintiff suffered while being employed by Trump.

620014v.2

5. While Trump has shirked its obligation to pay Plaintiff any overtime pay for over 20 years, Plaintiff recognizes that the applicable statute of limitations only allows him to make claims on overtime wages Defendants failed to pay for the past six years. With that in mind, Plaintiff has worked approximately 550 hours of uncompensated overtime per year for the past six years, totaling approximately 3,300 hours of uncompensated overtime at time and one-half.

6. Plaintiff brings this action for unpaid overtime and other wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL") Article 6, §§ 190 et seq.

## THE PARTIES

7. Plaintiff is an adult individual who is a citizen of the State of New York.

8. Plaintiff is employed by Trump and served as the personal driver for President Trump, members of his family, and businesses for over 25 years. When President Trump was nominated as the Republican candidate for President and the Secret Service undertook this role, Plaintiff has rendered services as a member of the Trump security staff.

9. Plaintiff is a covered employee within the meaning of the FLSA, and the NYLL.

10. A written consent form for Plaintiff is being filed with this Complaint.

11. Defendant Trump Organization LLC a/k/a Trump Corporation is a domestic limited liability company with its principal place of business located in the State and County of New York.

12. Defendant Trump Tower Commercial LLC is a domestic limited liability company with its principal place of business located in the State and County of New York.

13. Trump is a covered employer within the meaning of the FLSA, and the NYLL, and, at all times relevant, employed Plaintiff.

620014v.2

2

14. Upon information and belief, at all relevant times, Trump employed over four individuals.

15. At all relevant times, Trump has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

## JURISDICTION AND VENUE

16. This Court has personal jurisdiction over Defendants pursuant to CPLR 301 and 302 because Defendants are residents of the State of New York, and Defendants conduct business within the State of New York, and the actions described herein took place within the State of New York.

17. Venue is proper in New York County pursuant to CPLR 503(a) because Defendants are residents of New York County.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as follows:

19. During his employment, Plaintiff generally worked the following hours, unless he missed time for vacation, sick days and/or holidays: five days per week from approximately 7:00 a.m. to whenever Donald Trump, his family or business associates no longer required Plaintiff's services.

20. On average, Plaintiff worked 50-55 hour weeks for Trump.

21. In or about 2003, Trump paid Plaintiff a fixed annual salary of $62,700.

22. On or about November 13, 2006, Trump raised Plaintiff's annual salary to $68,000.

23. On or about December 6, 2010, Trump purported to increase Plaintiff's annual salary by $7,000, to a total of $75,000 per year.

3

620014v.2

24. The word "purported" is used in the immediately preceding paragraph because this $7,000 increase was granted solely because Plaintiff was induced to surrender his health benefits obtained through Trump, saving Trump approximately $17,866.08 per year in health insurance premiums.

25. Plaintiff has not received any raises since then.

26. During the relevant time period, Plaintiff was never paid the proper premium overtime compensation of one and a half times his regular hourly rate for all hours worked in excess of 40 per week.

27. For example, as of today, Plaintiff's regular hourly rate is $36.0577 ($75,000 divided by 52, and then dividing that amount by 40 hours). Thus, Plaintiff's hourly overtime rate should have been $54.087 ($36.0577 multiplied by 1.5). Assuming Plaintiff worked 50 hours per workweek, he should have been paid $540.87 in overtime pay per week (10 hours multiplied by $54.087) in addition to his regular weekly pay.

28. In that regard, Trump required Plaintiff to be available to pick up Donald Trump, his family members or business associates at 7 a.m. every morning. At all relevant times, while working for Trump, Plaintiff was required to be ready to perform his duties at a moment's notice. In that regard, Plaintiff was unable to use the time he spent between trips for his own purposes, and was thus engaged to be waiting. Moreover, if Plaintiff wanted to take a day off, he had to get permission from Trump.

29. Additionally, throughout his employment, Plaintiff's duties were assigned to him by his direct superior, Matthew Calamari. Besides his normal responsibility of driving Donald Trump, his family members and business associates, Plaintiff was required to perform additional duties, including, but not limited to, running personal errands for Mr. Calamari, cleaning the car,

4

driving people to and from the airport at Mr. Calamari's request, driving Mr. Calamari's wife and/or children at Mr. Calamari's request to and from a given location, and carrying Mr. Calamari's materials down from the office to the car.

30. Trump also failed to reimburse Plaintiff for accrued vacation time, accrued sick days, and his expenses incurred while performing his job duties.

31. Trump failed to accurately record the amount of time worked by Plaintiff, as required by the FLSA and NYLL.

32. Trump failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

33. Trump failed to furnish Plaintiff with a proper wage statement with every payment of wages, as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act- Overtime Wages**

34. Plaintiff realleges and incorporates by reference all allegations in all of the preceding paragraphs.

35. At all relevant times, Plaintiff has been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq., and/or has been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

36. At all relevant times, Plaintiff was or has been an employee within the meaning of 29 U.S.C. §§ 201 et seq.

37. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or in the production of goods for commerce within the

620014v.2

5

meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

38. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

39. Defendants have failed to pay Plaintiff overtime wages for all hours that he worked in excess of 40 hours in a work week.

40. Plaintiff at all times relevant has been a non-exempt employee of Defendants.

41. Defendants' unlawful conduct, as described in this complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

42. Because Defendants' violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

43. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**New York Labor Law- Overtime Wage**

44. Plaintiff realleges and incorporates by reference all allegations in all of the preceding paragraphs.

45. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been an employer of Plaintiff within the meaning of NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

6

620014v.2

46. At all times relevant, Plaintiff has been covered by the NYLL.

47. At all times relevant, Plaintiff has been a non-exempt employee of Defendants.

48. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations - at a rate of 1.5 times his regular hourly rate of pay for all hours worked in excess of 40 per workweek.

49. Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

50. Through Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

51. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Benefits or Wage Supplements**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants failed to provide benefits or wage supplements to Plaintiff.

54. Defendants' failure to provide benefits or wage supplements was not expressly authorized in writing by Plaintiff, and was not for the benefit of Plaintiff.

55. Defendants' unlawful failure to provide benefits or wage supplements include, but are not limited to, forcing Plaintiff to give up vacation days and sick days without compensation, and failure to reimburse charges Plaintiff incurred in the performance of his duties.

7

620014v.2

56. By Defendants' knowing or intentional efforts to permit unauthorized failures to provide benefits or wage supplements to Plaintiff, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq.

57. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of all benefits or wage supplements Plaintiff is entitled to as provided for by the NYLL, Article 6 § 198-c, reasonable attorneys' fees, costs, and pre-judgment and post- judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Proper Annual Wage Notices**

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants have failed to furnish Plaintiff with proper annual wage notices as required by NYLL, Article 6, § 195(1) at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Through their knowing or intentional failure to provide Plaintiff with proper annual wage notices required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

8

61. Due to Defendants' violations of NYLL, Article 6, § 195(1) prior to December 31, 2014, Plaintiff is entitled to statutory penalties of fifty dollars for each week that Defendants failed to provide Plaintiff with a proper annual wage notice, or a total of two-thousand five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

62. Due to Defendants' violations of NYLL, Article 6, § 195(1) since December 31, 2014, Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a proper annual wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Accurate Wage Statements**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants have failed to furnish Plaintiff with a statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

65. Through their knowing or intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

9

620014v.2

66. Due to Defendants' violations of NYLL, Article 6, § 195(3) prior to December 31, 2014, Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with an accurate wage statement, five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

67. Due to Defendants' violations of NYLL, Article 6, § 195(3) since December 31, 2014, Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with an accurate wage statement, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendants and grants the following relief:

A. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid overtime pay, unlawful failure to provide benefits or wage supplements, liquidated damages, interest, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq*. and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

C. Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

D. Statutory penalties of one hundred dollars for each workweek that Defendants

10

620014v.2

failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

      E.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

      F.      Statutory penalties of two hundred and fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

      G.      An award of punitive damages in an amount to be determined at trial;

      H.      Pre-judgment interest and post-judgment interest;

      I.      Reasonable attorneys' fees, costs and expenses incurred in the prosecution of the action; and

      J.      Such other relief as this Court shall deem just and proper.

Dated:   New York, New York
             July 9, 2018

                                              **DAVIDOFF HUTCHER & CITRON LLP**

                                              By:   /s/ *Larry Hutcher*
                                                       Larry Hutcher
                                                       Josh Krakowsky
                                           605 Third Avenue, 34th Floor
                                           New York, New York 10158
                                           Tel:   (212) 557-7200
                                           Fax:  (212) 286-1884
                                           *Attorneys for Plaintiff*

11

620014v.2

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against Trump Tower Commercial LLC, Trump Organization LLC a/k/a Trump Corporation and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate DAVIDOFF HUTCHER & CITRON LLP (''the Firm'') to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

/s/ *Noel Cintron*
Signature

Noel Cintron
Full Legal Name (Print)

620014v.2