# EXHIBIT A

## MUTUAL ARBITRATION AGREEMENT

The parties to this Agreement wish to resolve, fairly and quickly, any dispute that may arise in the context of their employment relationship, including but not limited to, the hiring, performance or termination of employment and/or cessation of employment with the Company and/or against any employee, officer, alleged agent, director, affiliate, owner, subsidiary, or relating to an application or candidacy for employment, and agree as follows:

A) **Arbitrable Claims.** In consideration of the undersigned employee's ("Employee") and Trump Tower Commercial LLC's (the "Company") mutual promises to arbitrate disputes, the Company and Employee (collectively, the "Parties") agree that if a dispute is covered by this Agreement (a "Covered Claim"), the Parties will submit the dispute to final and binding arbitration before a single, neutral arbitrator. A Covered Claim is any claim, dispute, or controversy between the Parties except claims for unemployment compensation, claims for workers' compensation benefits, administrative charges filed with the Equal Employment Opportunity Commission or other state or federal agency, and any claim that is non-arbitrable under applicable state or federal law. A Covered Claim includes, but is not limited to, claims for breach of contract or covenant (express or implied), tort, violation of any state or federal labor or employment statute (including but not limited to, violations of the Family and Medical Leave Act ("FMLA") or the American with Disabilities Act ("ADA")), unpaid expenses, unpaid wages, unpaid compensation, missed meal or rest breaks, wrongful termination, unfair competition, discrimination, harassment, retaliation, and/or any other claim for violation of any federal, state or other governmental law, statute, regulation or ordinance, whether based on statute or common law, unless prohibited by law. Claims by either Party to obtain a preliminary injunction or temporary restraining order to preclude violation of this Agreement or any other agreement between the Parties and claims by either Party to enjoin actual or threatened workplace violence are also excluded.

B) **Individual Arbitration.** The Parties intend that any Covered Claim will be arbitrated on an individual basis, and, unless prohibited by applicable law, the Parties mutually waive the right to bring, maintain, participate in, or receive money from, any class, collective, or representative proceeding, whether in arbitration, court, or otherwise. The arbitrator may not preside over any form of a class, collective, or representative proceeding.

   (i) With the written consent of all Parties, the arbitrator may consolidate claims filed by multiple individual employees, each on their own behalf, in a single arbitration proceeding, as long as the arbitrator does not certify (conditionally or otherwise) a collective, class, or representative action that includes individuals who have not themselves already submitted their own individual claims.

   (ii) If the foregoing waiver to proceed in arbitration on a class, collective, or representative basis is ruled unenforceable or contrary to law, then any claim brought on such a basis must be filed in a court of competent jurisdiction, and such court, and not an arbitrator, shall be the exclusive forum for such claims.

C) **National Labor Relations Act.** Notwithstanding the waiver of the Parties to bring or participate in a class, collective, or representative proceeding, employees may have a statutory right (e.g., under the National Labor Relations Act) to act concertedly on behalf of themselves and others to challenge this Agreement in any forum. If an Employee acts concertedly to pursue any such proceeding, the Company will not retaliate against the employee for doing so. The Company is entitled, however, to enforce this Agreement, including the employee's agreement to arbitrate claims and to forego pursuing any covered dispute on a class, collective or representative basis; and the Company is entitled to seek dismissal of any such class, collective, or representative action and otherwise assert this Agreement as a defense in any proceeding.

D) **Arbitration Location/Rules.** Arbitration will occur in the county and state where Employer is located and will be conducted pursuant to the JAMS Employment Arbitration Rules & Procedures. Under no circumstance will any JAMS rule preempt the Parties' agreement to waive class, collective, or

1

representative proceedings. If the Parties cannot agree on an arbitrator within 30 days of a written notice of the intent to arbitrate, JAMS rules will govern selection. The rules also are available (in English or Spanish) on the JAMS website at www.jamsadr.com and at Human Resources. Employee agrees to read those rules before executing this Agreement.

E) **Scope of Arbitrator's Authority/Award.** The arbitrator can order the same individual remedies that a judge could in a court of law under the applicable substantive law. The arbitrator shall have the authority to rule on all motions whether made prior to or at the hearing, including motions directed at the legal sufficiency of a claim or defense or motions for summary judgment. The arbitrator's award must be in writing and shall (i) issue within (30) days of the conclusion, or as soon thereafter as practicable, of the hearing or, where applicable, the receipt of briefs, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The decision shall be final and binding on the Parties, subject to a petition to confirm, vacate or modify the decision. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator. The arbitrator shall not have the authority to amend or modify these arbitration procedures or amend or modify the Company's policies, unless the policies violate applicable law.

F) **Discovery.** Arbitration is intended to provide a less time-consuming, less expensive, and less complicated means of settling disputes. Either Party may ask the arbitrator to determine what discovery is appropriate under the circumstances or adequate for the prosecution or defense of the claims. The Parties should be provided the ability to conduct meaningful discovery, but under no circumstances will discovery be permitted that is broader than that allowed by the applicable procedural rules of the state in which the employment occurred. The arbitrator may issue subpoenas to compel the testimony of third-party witnesses or the production of documents.

G) **Arbitration Fees.** The Parties agree to split equally the administrative fees and the arbitrator's fees and expenses, unless otherwise required by law. Accordingly, to the extent required by applicable law, and only to that extent, the Company shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay that side's own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing Party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

H) **Federal Arbitration Act.** This Agreement is governed by and enforceable under the Federal Arbitration Act and the applicable arbitration act in the state in which the Company is located. This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration; a petition to confirm, vacate or modify an arbitration award; or an application or other request pursuant to the Federal Arbitration Act or applicable state arbitration act, or a combination of the two. This Agreement can be modified only in a writing signed by both the Employee and an authorized officer of the Company, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

I) **At-Will Employment.** Neither the terms nor the conditions described in this Agreement are intended to create a contract of employment for a specific duration of time or to limit the circumstances under which the Parties' employment relationship may be terminated. Accordingly, nothing in this Agreement alters the at-will relationship or restricts the Company's right to lawfully manage its operations or to discipline or discharge its employees, or alters an employee's right to resign.

J) **Administrative Proceedings.** Nothing in this Agreement precludes Employee from filing a charge or from participating in an administrative investigation of a charge before any appropriate government agency (e.g.,

the EEOC or NLRB). Any such claim that cannot be resolved in the administrative agency proceedings shall become subject to this Agreement when the agency concludes its process.

K) **Time to Initiate Arbitration.** The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims or within one year of the conduct that forms the basis of the claim if no statutory limitation is applicable. Failure to demand arbitration within the prescribed time period shall result in waiver of said claims.

L) **Severability.** In the event that any paragraph or provision in this Agreement is determined to be illegal or unenforceable, such determination shall not affect the validity or enforceability of the remaining paragraphs or provisions, all of which remain in full force and effect. If necessary to effectuate the intent of the Parties to resolve the specified disputes through arbitration, a court of competition jurisdiction should reform this Agreement.

M) **Confidentiality.** All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits and shall have the authority to make appropriate rulings to safeguard that confidentiality. Nothing, however, prohibits either Party from discussing the facts of the case with potential witnesses or seeking witness participation.

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND ITS TERMS, AND THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

**BY SIGNING BELOW, BOTH PARTIES KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO CLASS, COLLECTIVE, AND REPRESENTATIVE PROCEEDINGS AND THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM. BOTH PARTIES RETAIN ALL OTHER RIGHTS, INCLUDING RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. BOTH PARTIES ACKNOWLEDGE THAT THEY ARE HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO THEIR RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT AND HAVE HAD THE OPPORTUNITY TO DO SO.**

| NOEL CINTRON | [signature] | July 10, 2018 |
|---|---|---|
| Employee | Signature | Date |
| D. Rosen | [signature] | 7/10/18 |
| Employer Representative | Signature | Date |

3